UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ AUG 02 2011 ★
BROOKLYN OFFICE

Brian Brown,

        Plaintiff,

-against-

THE CITY OF NEW YORK, Police Officer Eddie Martins (Shield No. 5731), JOHN DOE 1-6 (representing unidentified police officers)

        Defendants.

CV 11-3732

COMPLAINT

Jury Trial Demanded

JOHNSON, J

REYES, M.J

## PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under Fourth, Sixth, and Fourteenth Amendment to the United States Constitution and Article I, Section 12 of the New York State Constitution and of common law of the State of New York. The case arises from an February 3, 2011 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to excessive force, and fabricated evidence.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Eastern District.

**PARTIES**

4. Plaintiff is a resident of the State of New York, County of Kings.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. The New York City Police department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

7. Eddie Martins is a member of the NYPD who violated plaintiff's rights as described herein. Martins is sued in his individual and official capacity.

8. John Does are members of the NYPD who acted in concert with defendant Martins in violating plaintiff's rights. John Does are sued in their individual and official capacities.

2

## **STATEMENT OF FACTS**

9. On February 3, 2011, at approximately 12:55 p.m., at 311 Lexington Avenue in Brooklyn, New York, Police Officer Martins and Officer John Does arrested plaintiff without cause and falsely charged him with criminal possession of a Controlled Substance in the Third Degree and other related charges in the second and fourth degree and resisting arrest.

10. At all relevant times, plaintiff was not involved in criminal activity and did not possess any Controlled Substances. Plaintiff merely exited his apartment to retrieve his mail. When plaintiff returned to his apartment, the police banged on his door. When plaintiff inquired the reason for the police presence, the officers kicked in his door.

11. During their warrantless search, the officers ransacked plaintiff's apartment. Plaintiff was thrown on the ground and struck multiple times with an asp. Plaintiff was then taken to the Precinct for arrest processing. Due to the injuries plaintiff sustained during his asp-beating, plaintiff was taken to the hospital and treated.

12. On or about February 6, 2011, plaintiff was taken to Brooklyn Central Booking to await arraignment.

13. While plaintiff was awaiting arraignment, the officers who arrested plaintiff met with a prosecutor employed by the Kings County District Attorney's Office.

14. The officers falsely stated to the prosecutor that plaintiff committed various crimes.

15. The District Attorney' Office, based solely on the officers' false statements, filed charges against plaintiff.

3

16. As a result of the aforesaid misrepresentation, felony charges were filed against plaintiff.

17. Plaintiff was arraigned on or about February 7, 2011 and bail was set.

18. On or about February 15, 2011 Officer Martins and/or Officer Does testified before a Grand Jury in Kings County, that plaintiff had committed various crimes. Plaintiff also testified. The Grand Jury rejected the officers' fictitious version of events and dismissed all charges against plaintiff. Because plaintiff had pending warrant, issued in 1997 for a misdemeanor petit larceny in Atlanta, Georgia, he was not released until February 22, 2011.

19. As a result of defendants' actions, plaintiff experienced physical injuries, emotional distress, fear, embarrassment, humiliation, discomfort, pain and suffering, loss of liberty, and damage to reputation.

### FEDERAL LAW CLAIMS AGAINST MARTINS AND JOHN DOES

20. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-19 as if fully set forth herein.

21. The conduct of Police Officer Martins and John Does, as described herein, amounted to excessive force and fabricated evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### FEDERAL LAW CLAIMS AGAINST THE CITY OF NEW YORK

4

22. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-21 as if fully set forth herein.

23. The City of New York directly caused the constitutional violations suffered by plaintiff.

24. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

25. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

26. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

   d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: July 28, 2011
     New York, New York

              Robert Marinelli
              305 Broadway, 14th Floor
              New York, New York 10007
              (212) 822-1427

              ROBERT MARINELLI (RM-4242)